**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AJANI POSEY,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 1:26-877** |
| **v.** | : | **(JUDGE MANNION)** |
| **LINDSY KENDALL, *et al.*,** | : | |
| **Respondents** | : | |

## MEMORANDUM

Presently before the court is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2254 to challenge a denial of parole. The petition will be dismissed and a certificate of appealability will not issue.

### I. BACKGROUND

Petitioner, Ajani Posey, is incarcerated in Coal Township State Correctional Institution ("SCI-Coal Township") pursuant to a Pennsylvania criminal conviction. He brings the instant case under 28 U.S.C. §2254 to challenge the denial of his parole in March 2026 by the Pennsylvania Parole Board. (Doc. 1). Posey asserts that the denial of parole violated his constitutional right to due process because the Parole Board based the denial on a disciplinary charge for which he was acquitted, acted in retaliation for civil rights actions he filed against prison officials, and improperly considered his criminal history. (Docs. 1-2).

Respondents responded to the petition on May 29, 2026. (Docs. 14-15). Respondents argue that the petition should be dismissed because (1) it constitutes a second or successive petition; (2) Posey failed to exhaust state court remedies; and (3) he has not alleged any nonconclusory facts showing that he is entitled to relief and therefore fails to state a prima facie claim for habeas corpus relief. (Docs. 10-11). Posey filed a reply brief on August 24, 2026, making the petition ripe for review. (Doc. 17). Posey has additionally moved for an evidentiary hearing. (Doc. 14).

## II. Standard of Review

A challenge to the denial of parole is cognizable under Section 2254. *Coady v. Vaughn*, 251 F.3d 480, 486 (3d Cir. 2001). However, a federal district court may not grant parole or determine parole eligibility. *Billiteri v. U.S. Bd. of Parole*, 541 F.2d 938, 944 (2d Cir. 1976). "The only remedy which the court can give is to order the Board to correct the abuses or wrongful conduct within a fixed period of time, after which, in the case of non-compliance, the court can grant the writ of habeas corpus and order the prisoner discharged from custody." *Id.*

## III. Discussion

"[T]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," nor has

the Commonwealth of Pennsylvania created such a right. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Thus, because the denial of parole "does not implicate any constitutionally [or state] protected liberty interest," the scope of federal judicial review of state parole denials is limited. *Diehl-Armstrong v. Pa. Bd. of Prob. & Parole*, No. 13-CV-2302, 2014 WL 1871509, at *5 (M.D. Pa. May 7, 2014). The federal court is confined to reviewing the substance of the state parole decision to determine whether the Parole Board exercised its authority in an arbitrary and capricious, or constitutionally impermissible manner. *Block v. Potter*, 631 F.2d 233, 236 (3d Cir. 1980).

To show a violation of substantive due process, a habeas petitioner must demonstrate that: (1) he was arbitrarily denied parole due to impermissible reasons such as race, religion, or political beliefs, and/or (2) the Parole Board failed to apply appropriate, rational criteria in reaching its determination to deny parole. *Id.* "However, federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." *Coady*, 251 F.3d at 487. The "relevant level of arbitrariness required to find a substantive due process violation involves not merely action that is unreasonable, but, rather, something more egregious,

which we have termed at times 'conscience shocking' or 'deliberately indifferent.'" *Hunterson v. DiSabato*, 308 F.3d 236, 247 (3d Cir. 2002).

In this case, Posey seeks a writ of habeas corpus because the Parole Board purportedly denied parole based on a disciplinary charge for which he was acquitted, acted in retaliation for civil rights actions he filed against prison officials, and improperly considered his criminal history. (Docs. 1-2). Respondents contend the petition should be dismissed because it is a second or successive petition, because Posey failed to exhaust state court remedies, and because the petition fails to state a prima facie claim for habeas corpus relief. (Docs. 11-12).

At the outset, the court does not agree with respondents' contention that the petition is an improper second or successive petition. Although the Third Circuit has not specifically addressed whether a petition addressing a denial of parole constitutes a second or successive petition when the petitioner has previously challenged an earlier denial of parole, *see McAleese v. Brennan*, 483 F.3d 206, 219 n.19 (3d Cir. 2007), the court has indicated that the key question in such a case is whether the claim challenging the parole denial could have been brought in the petitioner's earlier petition. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005) (noting that the "primary question" in determining whether a claim

challenging a parole denial was a second or successive petition was "whether [the petitioner] could have raised this challenge to Pennsylvania's parole procedures in his first habeas petition" challenging his underlying conviction and sentence"). Thus, a petition challenging a denial of parole is not second or successive simply because the petitioner previously filed a petition challenging an earlier parole denial. *Goodman v. Kerestes*, No. 1:14-CV-1319, 2015 WL 2131599 at *6 (M.D. Pa. May 5, 2015) (Conner, C.J., adopting report and recommendation issued by Schwab, M.J.). This is true even if the result of the challenged parole denial is the same as the earlier denial; the later parole denial is still a separate judgment and a petition challenging the denial is therefore not a second or successive petition. *Id.* Therefore, even though Posey's petition raises substantially the same challenges he raised to his earlier parole denial—and the court ultimately dismisses the petition based on essentially the same analysis—it is not subject to dismissal as a second or successive petition.

The court also finds respondents' exhaustion argument unavailing. This court recently rejected an essentially identical argument for failure to exhaust state court remedies in *Mathis v. Rivello*, No. 3:23-CV-225, 2025 WL 524301, at *7-8 (M.D. Pa. Feb. 18, 2025) (Mannion, J.). In *Mathis*, the court held that *Defoy v. McCullough*, 393 F.3d 439, 445 (3d Cir. 2005),

remains good law and compels the conclusion that habeas petitioners challenging the denial of parole are not required to exhaust remedies through Pennsylvania state courts before they may file in federal court. *Mathis*, 2025 WL 524301, at *8. The court does not see any sound basis to reach a contrary conclusion in this case and accordingly holds that dismissal of Posey's petition for failure to exhaust state court remedies is not warranted.

Turning to the merits, the court first finds no merit to Posey's contention that he was denied parole based on disciplinary charges for which he had been acquitted. The Parole Board's written rationale for the denial of parole states that it denied parole based on his institutional behavior, the level of risk Posey posed to the community, his "unsatisfactory" supervision history, his failure to demonstrate motivation for success, his minimization of the seriousness of his criminal offenses and the nature of the offenses, and his lack of remorse for his crimes. (Doc. 2-6 at 2). Although his "reported misconducts" are mentioned as part of his institutional history, there is no indication that the parole board considered—or was even aware of—any disciplinary charges for which Posey was acquitted, and he has offered nothing other than speculation to the contrary. (*Id.*)

The court similarly finds Posey's argument that he was denied parole in retaliation for filing civil suits unavailing. A petition for writ of habeas corpus

filed pursuant to 28 U.S.C. § 2254 must "state the facts supporting each ground." Rule 2(c)(2), Rules Governing Section 2254 Cases, Following 28 U.S.C. § 2254. A petition is subject to dismissal without an evidentiary hearing if it offers nothing more than "bald assertions" and "conclusory allegations." *Palmer v. Hendricks*, 592 F.3d 386, 395 (3d. Cir. 2010) (quoting *Campbell v. Burris*, 515 F.3d 172, 184 (3d Cir. 2008)). The petition must present a prima facie claim for habeas corpus relief by making "sufficient 'factual allegations, which, if true, would entitle the applicant to federal habeas relief.'" *Id.* at 392 (quoting *Schiro v. Landigan*, 550 U.S. 465, 474 (2007). "[C]ourts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 395 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In his petition and supporting brief, Posey asserts that the Parole Board denied him parole in retaliation for various civil rights suits he filed against prison officials, but he offers no factual allegations whatsoever to establish that there is a causal connection between his civil suits and the denial of his parole. There is no allegation that members of the Parole Board were even aware of Posey's civil suits. (*See* Docs. 1-2).

Finally, Posey argues that the parole board improperly considered his criminal history when he "does NOT have a prior criminal history." (Doc. 1 at

4). This argument is meritless. Nothing in the board's decision indicates that it relied on Posey's criminal history in any manner. (*See* Doc. 2-6 at 2).

Thus, all of petitioner's claims for relief are plainly meritless and unsupported. Although Posey has requested an evidentiary hearing, a petition must offer more than mere speculation in the hopes of conducting a fishing expedition to determine whether there is a "factual basis" for the petition's claims. *See Palmer*, 592 F.3d at 395 (noting that petition must make "sufficient 'factual allegations, which, if true, would entitle the applicant to federal habeas relief.'" (quoting *Schiro*, 550 U.S. at 474). Posey's petition plainly fails to assert any factual basis for his claim. As the court noted in the dismissal of his previous habeas petition, the proper course in this situation is not development of the record. It is dismissal of the petition.

## IV. Conclusion

For the foregoing reasons, the court will dismiss the petition for writ of habeas corpus. A certificate of appealability will not issue because no reasonable jurist would disagree with this ruling or conclude that the issues presented are adequate to deserve encouragement to proceed further. *Buck*

*v. Davis*, 580 U.S. 100, 115 (2017) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). Petitioner's motion for an evidentiary hearing will also be denied. An appropriate order shall issue.

**Malachy E. Mannion**
**United States District Judge**

**Dated:** 10/13/26
26-877-01